IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL MERRITT, ) | |
| AIS #232385, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-662-TMH |
| ) | [WO] |
| ) | |
| JIMMIE BENISON, *et al.*, ) | |
| ) | |
| Defendants ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Michael Merritt ["Merritt"], a state inmate, on July 31, 2012.[1] In this complaint, Merritt challenges the use of force utilized by Greene County law enforcement officials during his arrest on September 29, 2009, i.e., a gunshot to his leg, and alleges he received inadequate medical treatment for the injury to his leg while confined in the Greene County Jail.

Upon review of the complaint, the court concludes that this case should be transferred

---

[1] Although the Clerk of this court stamped the complaint "received" on August 3, 2012, it is clear that Merritt presented the complaint to prison officials for mailing prior to this date. A review of the pleadings indicates Merritt executed the complaint on July 31, 2012. Compl. (Doc. No. 1) at 4. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Merritt] signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, the court considers July 31, 2012 as the date of filing.

to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[2]

## II.  DISCUSSION

A civil action asserting violations of a prisoner's constitutional rights may be filed "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  The law further provides "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

Greene County is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the actions about which the plaintiff complains occurred within the jurisdiction of the Northern District of Alabama.  Moreover, the individuals named as defendants reside in the Northern District of Alabama.  The claims asserted by the plaintiff are therefore beyond the venue of this court.  However, it is clear from the face of the complaint that the proper venue for this cause of action is the United

---

[2] Merritt filed an application for leave to proceed *in forma pauperis*.  Doc. No. 2.  However, in light of the provisions of 28 U.S.C. § 1915 and under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes, in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before August 23, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

*v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 9th day of August, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE